

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-630

| | |
|---|---|
| JOANNA HUDSON<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | **Opinion Delivered:** November 15, 2017<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT<br>[NO. 08EJV-16-34]<br><br>HONORABLE SCOTT JACKSON, JUDGE<br><br>AFFIRMED |

APPELLANT

APPELLEES

## MIKE MURPHY, Judge

Appellant Joanna Hudson appeals the May 4, 2017 order of the Carroll County Circuit Court terminating her parental rights to her minor child, H.G. She argues that the circuit court erred in granting the termination-of-parental-rights petition because appellee Arkansas Department of Human Services (DHS) failed to present sufficient evidence that termination was in H.G.'s best interest.[1] We affirm.

On July 20, 2016, DHS filed a petition for emergency custody and dependency-neglect, alleging that then three-year-old H.G. was dependent-neglected as a result of abuse, neglect, and parental unfitness to the juvenile. The affidavit attached to the petition alleged that on July 16, 2016, DHS received a call from the Carroll County Sheriff's Office in regard

---

[1] H.G.'s legal father was not present at the termination hearing; the termination order directed that the style of the case be changed to "DHS v. Justin Gatlin" and that the clerk accept filings under that style.

to a juvenile, H.G., with second-degree burns on the inside of her thighs. The officer stated that the mother (appellant) was being arrested for an outstanding warrant. Appellant was then screened for drugs at the Carroll County Detention Center where she tested positive for methamphetamine, amphetamine, THC, and benzodiazepines. The affidavit also noted the history this family has had with DHS including a true finding for inadequate supervision in 2001 relating to appellant's two other children, as well as a true finding for inadequate supervision in 2013 regarding H.G., when appellant was arrested for public intoxication and possession of methamphetamine.[2] An emergency order was entered on July 21, 2016. The court found that immediate removal of H.G. from appellant was in the best interest of the juvenile and was necessary to protect her health and safety as evidenced by appellant's illegal drug use, unconvincing explanation of the injury to H.G., and the arrest of appellant, which left no legal caretaker for H.G.

Appellant did not appear at the probable-cause hearing, and the circuit court ordered that H.G. remain in DHS custody. On October 3, 2016, DHS filed a petition for termination of parental rights. The petition alleged multiple grounds and stated that subsequent to removal, H.G. disclosed allegations of abuse and sexual abuse by her mother and her mother's male friend. On November 3, 2016, H.G. was adjudicated dependent-neglected. Per the adjudication order, the case-plan goal remained reunification, yet the circuit court authorized service of the termination-of-parental-rights petition by warning order.

---

[2]In that case, H.G. was placed in foster care, and appellant completed the case plan and eventually regained custody.

On February 16, 2017, the circuit court conducted the termination-of-parental-rights hearing and appellant appeared by telephone. At the conclusion of the hearing, the circuit court left the record open in order to give appellant an opportunity to consider the testimony presented and to decide if she wanted to voluntarily terminate her rights. The circuit court stated that the case would be recessed and heard again on March 16, 2017. On March 2, 2017, DHS filed an amended petition for termination, which alleged the abandonment ground; the criminal-sentence-for-a-substantial-period ground; and the aggravated-circumstances ground. The case was then continued to May 4, 2017. Thereafter, on April 28, 2017, appellant filed a letter explaining that she was doing everything she could at the Arkansas Department of Correction (ADC) and that she did not want her rights terminated; she also requested visitation with H.G.

On May 4, 2017, the circuit court terminated appellant's parental rights pursuant to the subsequent-factors ground; aggravated circumstances (including chronic abuse, sexual abuse, and little likelihood that services to the family would result in successful reunification); and the fact that appellant was currently serving a sentence in a criminal proceeding for a period of time that would constitute a substantial period of H.G.'s life. The circuit court also found that termination was in H.G.'s best interest as she would be at risk of potential harm if returned to appellant due to H.G.'s credible disclosure of physical and sexual abuse by appellant; appellant's past substance abuse and indifference to remedy it; appellant's lack of contact with DHS since the case had been filed; indifference to remedy the cause for removal; and appellant's current incarceration. This timely appeal followed.

We review termination-of-parental-rights cases de novo. *Lively v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 131, at 4–5, 456 S.W.3d 383, 386. On appeal, the inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id.* We give a high degree of deference to the circuit court, as it is in a far superior position to observe the parties before it and judge the credibility of the witnesses. *Id.*

The termination-of-parental-rights analysis is twofold; it requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. The first step requires proof of one or more of the nine enumerated statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B) (Repl. 2015). The best-interest determination must consider the likelihood that the children will be adopted and the potential harm caused by returning custody of the children to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). The court, however, does not have to determine that every factor considered be established by clear and convincing evidence. *Spencer v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 96, at 5–6, 426 S.W.3d 494, 498. Instead, after considering all the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *Id.*

On appeal, appellant challenges only the circuit court's best-interest finding. She does not challenge the grounds for termination and therefore waives that issue on appeal.

In determining the best interest of the child, the circuit court should consider factors such as the likelihood of adoption and the potential harm to the health and safety of a child

4

if subjected to continuing contact with the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i), (ii). Parental rights will not be enforced to the detriment of the health and well-being of the child. *Christian-Holderfield v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 534, at 7–8, 378 S.W.3d 916, 920. The court is not required to find that actual harm would result or to affirmatively identify a potential harm. *Jones v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 125, at 11–12, 515 S.W.3d 151, 158. Furthermore, the supreme court has directed that the potential-harm analysis be conducted in broad terms. *Id.*

Appellant does not challenge the circuit court's adoptability finding. She does, however, challenge the circuit court's potential-harm finding. Appellant asserts that the caseworker's testimony that appellant had not complied with the case plan and that her behavior had not changed is purely speculative. Appellant claims that the caseworker lacked any personal knowledge about appellant's compliance with the case plan. Appellant claims that there was no indication that she was aware of the case plan or that one was ever provided to her. We disagree.

We find that clear and convincing evidence supports the circuit court's conclusion that termination of appellant's parental rights was in H.G.'s best interest based on the following facts. In her testimony, appellant conceded that "she figured there had been [a case plan], but [she] ran on the 19th of July," three days after H.G. had been removed from her custody. She did nothing to contact H.G. until she was eventually arrested and incarcerated on December 2, 2016. She testified that she wrote a letter from ADC and had H.G.'s paternal grandmother notify DHS that appellant was in jail. When asked what she was currently doing to get custody back, she answered that she was taking care of her legal

issues. Moreover, it is undisputed that H.G. was sexually abused by appellant. The record revealed testimony of a forensic interviewer who testified regarding H.G.'s disclosure of the sexual abuse, and the DHS caseworker's testimony confirmed that the allegations of sexual abuse were true. In *Blanchard v. Arkansas Department of Human Services*, 2012 Ark. App. 215, at 10, 395 S.W.3d 405, 410, we explained, "It would seem obvious that [children] would face potential harm if placed back in the custody of a father who has been found to have sexually abused one of them."

Lastly, this is appellant's second attempt at maintaining sobriety and having custody of H.G. She cannot currently seek custody because she is still incarcerated, serving a five-year sentence—a sentence longer than the amount of time H.G. has been alive. We have held that past behavior is correctly viewed as a predictor of potential harm that may likely result if a child is returned to the parent's custody. *Jones*, 2017 Ark. App. 125, at 12, 515 S.W.3d at 158. Living in continued uncertainty is, itself, potentially harmful to children. *Id.* Testimony revealed that appellant cannot provide permanency to H.G. in a reasonable period of time as viewed from the child's perspective. Accordingly, we hold that the circuit court did not clearly err in finding that termination of appellant's parental rights was in H.G.'s best interest.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.